**EXHIBIT B**

**Beausang, Seth (USADE)**

Subject:        FW: Southern Delware CCF, Docket No. A-06-20

Attachments: a-06-20.ACKhg.wpd

**From:** Sacks, Jeffrey (HHS/OS)
**Sent:** Tuesday, November 15, 2005 4:10 PM
**To:** 'rgraham@feldesmantucker.com'; Howell, Diane (HHS/OS)
**Subject:** Southern Delway CCF, Docket No. A-06-20

Departmental Appeals Board
Appellate Division, MS 6127
Room G-644, Cohen Building
330 Independence Avenue, SW
Washington, D.C. 20201

E-MAIL & CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Robert A. Graham
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, D.C.  20036-4910

                    and

E-MAIL & MAIL - RETURN RECEIPT REQUESTED

Diane C. Howell, Assistant Regional Counsel
OCG Region III
Suite 418, Public Ledger Bldg. (Ledger)
150 S. Independence Mall West
Philadelphia, PA 19106-3499

Board Docket No. A-06-20

      ACKNOWLEDGMENT OF APPEAL, CONFIRMATION OF TELEPHONE CONFERENCE,
                    NOTICE OF HEARING

Appellant              :   Southern Delaware Center for
                             Children and Families
Filed by               :   Robert A. Graham, Feldesman Tucker
                             Leifer Fidell LLP
Dated                  :   November 2, 2005
Appeal from decision of  :   David J. Lett, Regional
                             Administrator, ACF Region III
Date of appealed decision:   October 28, 2005
Statute/program        :   Head Start - Indefinite Suspension
Presiding Board Member  :   Donald F. Garrett
Board attorney contact  :   Jeffrey Sacks

11/22/2005

(202) 565-0123 (phone)
(202) 565-0238 (FAX)
jeffrey.sacks@hhs.gov (e-mail)

This letter acknowledges receipt by the Departmental Appeals Board of
the appeal described above, confirms the results of a telephone
conference on Monday, November 14, 2005, and is the notice of hearing
required by 45 C.F.R. § 1303.16(h).

Southern Delaware Center for Children and Families (Southern
Delaware) appeals the decision by the Administration for Children and
Families (ACF) to suspend Southern Delaware indefinitely from the
Head Start program, effective November 3, 2005.  ACF alleges that
Southern Delaware failed to abide by the terms and conditions of its
financial assistance award and other applicable regulations, and
failed to comply with fiscal reporting requirements applicable to
grantees in the Head Start program.  ACF alleges that Southern
Delaware violated the following Head Start requirements:

> Head Start grantees must establish and maintain efficient and
> effective reporting systems that generate official reports as
> required by applicable law.  45 C.F.R. § 1304.51(h)(2).

> Grant recipients' financial management systems shall provide
> for effective control over and accountability for all funds,
> property and other assets.  45 C.F.R. § 74.21(b)(3).

> Grant recipients shall submit financial status report forms SF-
> 269 and SF-269A no later than 30 days after the end of each
> specified reporting period for quarterly and semi-annual
> reports, and 90 calendar days for annual and final reports.  45
> C.F.R. § 74.52(a)(1)(iv).

ACF alleges that Southern Delaware violated these requirements by
failing to have sufficient funds to carry out its proposed Head Start
program through December 31, 2005, and by failing to submit financial
status reports on time.  ACF suspended Southern Delaware on the basis
that a suspension may be imposed for the same reasons that justify
termination of financial assistance, and that termination is proper
for violations of these requirements.  45 C.F.R. § 1303.13(b).

Southern Delaware argues that the suspension is legally insufficient
because ACF failed to afford Southern Delaware notice of its
deficiencies and an opportunity to correct them prior to the
suspension, as required for termination of financial assistance, and
that funding shortfalls were due to ACF's failure to timely issue a
report of a review of Southern Delaware conducted in May 2005.  The
Board has jurisdiction over this appeal under 45 C.F.R. §§ 1303.1 and
1303.13.

The Board establishes the following procedures, pursuant to the parties' agreement during the telephone conference:

The Board will convene an in-person proceeding on **Wednesday, November 30, 2005.** The in-person proceeding will be more in the nature of oral argument than an evidentiary hearing. The in-person proceeding will be held in Washington, D.C., at the Board's hearing room on the 6th floor of 800 North Capitol Street, N.W. (however, please address all correspondence to the different Board mailing address at the top of this letter). Proceedings will most likely begin at 9:00 a.m.

By close of business Monday, November 21, 2005, ACF will submit a written brief that responds to the legal issues and arguments that Southern Delaware raised in its appeal.

Also by close of business Monday, November 21, 2005, the parties will provide factual stipulations and statements of their positions on disputed issues of fact along with any supporting evidence and a description of any additional evidence (including written testimony) that they intend to present during the in-person proceeding. The parties agreed that Southern Delaware would provide ACF with the first draft of the stipulations, by e-mail, by Wednesday, November 16, and that ACF would endeavor to respond expeditiously. Further, to the extent additional submissions beyond those noted above are permitted, then the parties should consider cooperating to develop a joint appeal file containing all documents necessary to the Board's decision. See 45 C.F.R. § 16.8(d).

The parties indicated that there are no substantial factual disputes and that any matters of fact that are in dispute are likely minor and not material. However, to the extent that the parties determine that they wish to introduce factual evidence, the Board will consider any reasonable procedures that will minimize the necessary expense and effort, such as the submission of affidavits, or permitting in-person testimony in lieu of prepared written direct testimony. If the parties intend to produce witnesses, then each party should provide, by November 21, 2005, a witness list that identifies any witness whom the party wishes to examine, including witnesses who may also be called by the other party, and a detailed summary of each witness's expected testimony. (Witnesses who are not disclosed will not be allowed to testify in a party's direct case. Rebuttal witnesses do not have to be disclosed. Rebuttal takes place after each party has rested its direct case.)

The Board anticipates convening a pre-hearing telephone conference to discuss details of the in-person proceeding.

For further details on Board procedures and appeals of Head Start suspensions and terminations, please see 45 C.F.R. Part 1303 (as revised February 1, 2000) and 45 C.F.R. Part 16, which applies to the extent not inconsistent with Part 1303.  More detailed information on Board procedures is also provided in the Appellate Division Practice Manual at http://www.hhs.gov/dab.

In making submissions in this appeal, please note the following:

The Head Start procedures require that any request for a waiver of a procedural requirement must be in writing and based on good cause. 45 C.F.R. § 1303.8(a). Good cause is defined in §§ 1303.8(c) and (d).

The parties' submissions should be as complete a documentary record as possible. The parties should submit all documents which would assist the Board in making findings of fact on disputed issues, as well as documents which provide necessary background information. Failure to submit a document according to the procedures identified above will preclude the use of the document as part of the party's direct case, unless the party can show good cause for its failure.

All exhibits or attachments should be tabbed and indexed. A party should continue the same numbering or lettering sequence for any documents submitted later. Exhibit pages should also be numbered.

All documents submitted as part of an appeal are public records. **Before submitting documents to the Board**, you should delete information the disclosure of which might violate state or other confidentiality or privacy requirements. If this information is needed in order to resolve disputed issues, please leave some information intact (such as initials or Medicaid numbers instead of the full names of recipients or patients).

Copies of materials such as the legislative history of a statute, preamble to the regulation, or statements of Agency policy should be included where relevant.

Do not include duplicative material such as copies of documents the Board has issued or documents which you or the other party have already provided to the Board.

Before contacting the Board to request an extension of time to make a required submission, you should ask the other party's representative if there is an objection.

Prior Departmental Appeals Board decisions are accessible at http://www.hhs.gov/dab. DAB decisions are also available by subscription from WESTLAW (in the Federal Health Law database, identifier FHTH-HHS), LEXIS-NEXIS (in the Health library, file HHSDAB), and other on-line sources. DAB decisions appearing in these sources may be paginated differently from the original, signed decision or have no page numbers. If you cite a decision by page number, please put the source in parentheses, or note the relevant section or subsection of the decision if no page number is available.

All future submissions should refer to the Board's docket number.

Whenever you submit anything to the Board, provide an original and two copies to the Board and a copy to the other party. Include in your submission to the Board a statement that you have sent a copy to the other party. The date of a submission to the Board is established by the postmark date, the date on a registered or certified mail receipt, the date deposited with a commercial delivery service, or the date a fax is sent. If you fax documents to the Board, two copies should also be submitted by mail. Please do not fax documents in excess of 10 pages. If feasible, please send a courtesy copy of any brief to the Board staff attorney assigned to the case as an e-mail attachment. (This is not a substitute for submitting an original (or fax) and two copies as specified above, however.)

ALTERNATIVE DISPUTE RESOLUTION: Although the appeal is now pending, the parties may negotiate to resolve the dispute informally. The Board will assist in any way appropriate, and can provide mediation services. See 45 C.F.R. § 16.18. For information on these services, see www.hhs.gov/DAB/ADR or call the Director of Mediation Services at (202) 565-0118.

                    By direction of the Presiding
                    Board Member.

                    /s/

                    Jeffrey Sacks
                    Staff Attorney

cc:  Deputy Assistant IG for Auditing
     Office of the Inspector General

     Robert E. Keith
     Associate General Counsel
     Children, Families and Aging Division

     Chief Counsel
     DHHS - Region III

     Assistant Secretary
     Administration for Children and Families

     Nash Simonet, Audit Liaison
     Administration for Children and Families